1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTOINE LAMAR FOWLER, 10664569,    )
                                   )
        Plaintiff(s),              )    No. C 12-0812 CRB (PR)
                                   )
   v.                              )    ORDER OF SERVICE
                                   )
ROSS MIRKARIMI, Sheriff, et al.,   )
                                   )
        Defendant(s).              )
_____    )

Plaintiff, a pretrial detainee at the San Francisco County Jail, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that in December 2011 Deputy Sheriff Bloom yanked plaintiff's left hand thru the food port of his cell with such force that it resulted in nerve damage to plaintiff's left hand.  Plaintiff further alleges that he promptly filed a grievance, but that it was ignored by Captain Paulson and the San Francisco County Sheriff's Department.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be

1   granted," or "seeks monetary relief from a defendant who is immune from such

2   relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

3   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

4          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

5   essential elements: (1) that a right secured by the Constitution or laws of the

6   United States was violated, and (2) that the alleged violation was committed by a

7   person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48

8   (1988).

9   B.     Legal Claims

10         The Due Process Clause of the Fourteenth Amendment protects a post-

11  arraignment pretrial detainee from the use of excessive force that amounts to

12  punishment.  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v.

13  Wolfish, 441 U.S. 520, 535-39 (1979)).  Liberally construed, plaintiff's

14  allegations that San Francisco County Deputy Sheriff Bloom yanked plaintiff's

15  hand thru the food port with such force that it caused nerve damage state an

16  arguably cognizable § 1983 claim for use of excessive force in violation of the

17  Due Process Clause and will be served on Deputy Sheriff Bloom.

18         But plaintiff's allegations that Captain Paulson and the San Francisco

19  County Sheriff's Department ignored his grievance fail to state a claim under §

20  1983 and are dismissed.  It is well-established that there is no constitutional right

21  to a prison administrative appeal or grievance system, see Ramirez v. Galaza, 334

22  F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

23  1988), and that the creation of a prison administrative appeal or grievance system

24  does not implicate a liberty interest protected by the Due Process Clause, see

25  Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow,

26  997 F.2d 494, 495 (8th Cir. 1993).

27

28                                          2

1    Nor may Sheriff Mirkarimi, Captain Paulson or the San Francisco County

2    Sheriff's Department be liable under a theory of respondeat superior liability, i.e.,

3    under a theory that they are responsible for the actions or omissions of another.  It

4    is well established that there is no liability under § 1983 under such a theory.  See

5    Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is

6    there liability under § 1983 solely because one is responsible for the actions or

7    omissions of another).

8                                    **CONCLUSION**

9    For the foregoing reasons and for good cause shown,

10   1.      The clerk shall issue summons and the United States Marshal shall

11   serve, without prepayment of fees, copies of the complaint in this matter, all

12   attachments thereto, and copies of this order on San Francisco County Deputy

13   Sheriff Bloom at Sheriff's Department, City Hall, Room 456, 1 Dr. Carlton B.

14   Goodlett Place, San Francisco, CA 94102.  All other named defendants are

15   dismissed.  The clerk also shall serve a copy of this order on plaintiff.

16   2.      In order to expedite the resolution of this case, the court orders as follows:

17   a.      No later than 90 days from the date of this order, defendant shall

18   serve and file a motion for summary judgment or other dispositive motion.  A

19   motion for summary judgment shall be supported by adequate factual

20   documentation and shall conform in all respects to Federal Rule of Civil

21   Procedure 56, and shall include as exhibits all records and incident reports

22   stemming from the events at issue.  If defendant is of the opinion that this case

23   cannot be resolved by summary judgment or other dispositive motion, he shall so

24   inform the court prior to the date his motion is due.  All papers filed with the

25   court shall be served promptly on plaintiff.

26   /

27

28                                       3

1          b.      Plaintiff must serve and file an opposition or statement of

2    non-opposition to the dispositive motion not more than 28 days after the motion

3    is served and filed.

4          c.      Plaintiff is advised that a motion for summary judgment

5    under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your

6    case.  Rule 56 tells you what you must do in order to oppose a motion for

7    summary judgment.  Generally, summary judgment must be granted when there

8    is no genuine issue of material fact – that is, if there is no real dispute about any

9    fact that would affect the result of your case, the party who asked for summary

10   judgment is entitled to judgment as a matter of law, which will end your case.

11   When a party you are suing makes a motion for summary judgment that is

12   properly supported by declarations (or other sworn testimony), you cannot simply

13   rely on what your complaint says.  Instead, you must set out specific facts in

14   declarations, depositions, answers to interrogatories, or authenticated documents,

15   as provided in Rule 56(e), that contradicts the facts shown in the defendant's

16   declarations and documents and show that there is a genuine issue of material

17   fact for trial.  If you do not submit your own evidence in opposition, summary

18   judgment, if appropriate, may be entered against you.  If summary judgment is

19   granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,

20   154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

21          Plaintiff is also advised that a motion to dismiss for failure to exhaust

22   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

23   case, albeit without prejudice.  You must "develop a record" and present it in

24   your opposition in order to dispute any "factual record" presented by the

25   defendant in a motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14

26   (9th Cir. 2003).

27

28                                           4

1         d.     Defendant must serve and file a reply to an opposition not

2 more than 14 days after the opposition is served and filed.

3         e.     The motion shall be deemed submitted as of the date the

4 reply is due. No hearing will be held on the motion unless the court so orders at a

5 later date.

6      3.     Discovery may be taken in accordance with the Federal Rules of

7 Civil Procedure. No further court order is required before the parties may

8 conduct discovery.

9      4.     All communications by plaintiff with the court must be served on

10 defendant, or defendant's counsel once counsel has been designated, by mailing a

11 true copy of the document to defendant or defendant's counsel.

12      5.     It is plaintiff's responsibility to prosecute this case. Plaintiff must

13 keep the court and all parties informed of any change of address and must comply

14 with the court's orders in a timely fashion. Failure to do so may result in the

15 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

16 SO ORDERED.

17 DATED:  June 5, 2012

                                   CHARLES R. BREYER

18                                    United States District Judge

19

20

21

22

23

24

25

26

27
G:\PRO-SE\CRB\CR.12\Fowler, A.12-0812.serve.wpd

28